IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No.: 3:13-cv-00635-RJC-DSC

| | |
|---|---|
| Lena Clark Copeland, Sandi Shear, Sherien Hardy and Makena Dixon, | ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) ) |
| Bank of America, NA, | ) ) |
| Defendant, | ) |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and upon stipulation of the parties, as evidenced by the endorsement of counsel herein, and with the concurrence of the Court,

1. Whereas plaintiffs' Complaint includes, *inter alia*, claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and claims in violation of the FMLA, 29 U.S.C. § 2615.

2. Whereas the parties herein represent to the Court that it will be necessary for both parties to utilize documents containing personal, confidential, and proprietary information, including medical information regarding, among other things, plaintiffs' alleged disability.

3. Whereas the Court concurs that the parties have an important interest in protecting the confidentiality of that information given its sensitive, proprietary and personal nature.

1

It is hereby **ORDERED**, **ADJUDGED** and **DECREED** that:

4. Defendant may designate as "Confidential" any document or information it produces or receives in this matter which contains information regarding the personnel records of defendant's employees, as well as any document or information containing proprietary business information or sensitive customer information.

5. Plaintiffs may designate as "Confidential" any document or information they produce or receive in this matter which contains information regarding medical information, tax or wage records or other sensitive financial employment or personnel information.

6. Any document or information designated as "Confidential" shall be used by the parties only in connection with the above-captioned action and shall not be disclosed to, or used by, any person other than those identified hereafter under the conditions and limitations described herein.

7. Any document or information designated as "Confidential" may only be disclosed by either party to:

> a. the Court, as long as such document or information is filed under seal and the Clerk is hereby directed to accept such documents or information under seal;
>
> b. counsel of record in this action and their client(s);
>
> c. law clerks, paralegals, legal assistants, stenographic and clerical employees of the parties' counsel who are assisting in the prosecution of this matter and are operating under the direct supervision of counsel;
>
> d. independent and internal experts working on behalf of one of the parties for the purposes of this litigation;
>
> e. court reporters and support personnel of such court reporters retained in connection with depositions taken;
>
> f. any mediator engaged by the named parties to this action; and

  g. a witness or deponent in this action when the Confidential information is related to the witness or deponent's testimony or knowledge of the matters in this lawsuit and the witness or deponent agrees to the terms of this Order.

  8. If any "Confidential" document or information is used during a deposition, parties may designate the portion of the transcript (including exhibits) that contains "Confidential" material by making a statement to such effect on the record in the course of the deposition. The parties also may designate as "Confidential" any portions of the transcript (including exhibits thereto) by written notice to the other party's counsel within twenty (20) days following receipt of the transcript of such deposition.

  9. Any person to whom either party discloses documents or information pursuant to this Order shall receive or be shown a photocopy of this Order and shall agree to abide by its provisions.

  10. Each person examining any information or document designated as "Confidential" and disclosed by either party hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation of this Order.

  11. No person who examines any document or information designated "Confidential" and disclosed by either party shall disseminate orally, in writing, or by any other means the document or any information contained therein to any other person not also authorized to examine the document or information.

  12. All documents and information designated as "Confidential" shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that the document or information designated as "Confidential" shall not be covered by

the terms of this Order and all proceedings and appeals challenging such decisions have been concluded.

13. Upon request, no later than thirty (30) days after this Court (or subsequent appellate court, whichever is later) enters a Final order in this action, each party shall retrieve all copies of materials designated "Confidential" from their or its own files, and from experts or other persons to whom they or it has provided such materials consistent with this Protective Order, and shall do one of the following: (1) return the materials, including all copies thereof, to the producing party; (2) certify in writing to the producing party that all such material has been destroyed; or (3) certify in writing to the producing party that all such material has been retained only by the attorneys appearing in this action and has been segregated from the other information and used for no purposes other than to preserve a record of this litigation.

14. If a party objects to a "Confidential" designation under this Order, the objecting party shall notify the disclosing party in writing. The party designating the material objected to as Protected shall then have the burden of demonstrating the basis for such designation. Within ten (10) business days of the receipt of such written notice, or at such other time as agreed upon by counsel for the parties, counsel for the disclosing party and the objecting party shall meet-and-confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the objecting party may apply to the Court for a ruling on the disclosing party's designation of "Confidential", and the disclosing party will continue to bear the burden of proving that the materials at issue are entitled to Confidential status. While any such application is pending, the documents or materials subject to that application will remain Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation

of any documents as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

15. Nothing in this Protective Order shall limit the parties' ability to use or disclose any documents or information in the ordinary course of business. The parties may file under seal any documents or information designated as "Confidential."

16. Nothing in this Protective Order shall limit the parties' ability to use any documents or information designated as "Confidential" at trial in this action, and both parties reserve their right to seek further protection from the Court regarding the use of confidential information at trial.

17. Nothing in this Protective Order shall be construed to require any party to notify or obtain permission from the other party before introducing materials designated as "Confidential" at trial or examining witnesses about materials designated privileged or "Confidential" during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, Local Rules or order of the Court.

18. The Clerk hereby is directed to accept as filed under seal all documents or information designated as "Confidential" and filed as such using the Court's CM/ECF system.

19. Nothing herein shall prejudice plaintiffs' or defendant's right or ability to petition the Court for additional or different relief.

20. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

**SO ORDERED**.

Signed: April 24, 2014

David S. Cayer
United States Magistrate Judge

*Consented to*:

/s/ John E. Rogers, II
John E. Rogers, II (N.C. Bar No. 35811)
P.O. Box 5663
233 S. Pine Street
Spartanburg, SC 29304
864.591.2365
864.585.3090 (Facsimile)

T. Ryan Langley *(pro hac vice pending)*
Hodge & Langley Law Firm
PO Box 2765
Spartanburg, SC 29304
864.585.3873
864.585.6485 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

/s/ Bruce M. Steen
Bruce M. Steen (N.C. Bar No. 30222)
bsteen@mcguirewoods.com
Susan P. Dion (N.C. Bar No. 28032)
sdion@mcguirewoods.com
McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
704.353.6244
704.353.6200 (Facsimile)

**ATTORNEYS FOR DEFENDANT**